UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY MAGEE | CIVIL ACTION |
| VERSUS | NO. 13-6598 |
| TULANE UNIVERSITY BOARD OF ADMINISTRATORS | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court is a motion filed by Plaintiff, Bobby Magee, seeking dismissal with prejudice of his federal law claims and remand of his remaining state law claims. For the reasons stated herein, **IT IS ORDERED** that Plaintiff's motion (Rec. Doc. 28) is **GRANTED**. Accordingly, **IT IS ORDERED** that Plaintiff's claims asserted under federal law are **DISMISSED WITH PREJUDICE**.[1] Given the dismissal of Plaintiff's federal law claims, **IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**Law and Analysis**

On December 6, 2013, Defendant removed this matter from state court, asserting federal question subject matter jurisdiction over Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §2000e, *et seq.*, and the Age Discrimination in

---

[1] These claims are those asserted under Title VII of the Civil Rights Act ("Title VII), 42 U.S.C. §2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* See Rec. Doc. 28.

Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over Plaintiff's related state law claims. On June 6, 2014, the Court denied a prior motion filed by Plaintiff seeking remand for lack of subject matter jurisdiction. See Rec. Docs. 8 and 22. With the instant motion, Plaintiff now seeks dismissal of his federal law claims with prejudice followed by remand of his remaining state law claims.

Rule 41 of the Federal Rules of Civil Procedure permits voluntary dismissal by court order on terms that the court considers proper. See Fed. R. Civ. P. 41. Given that Plaintiff seeks dismissal *with prejudice* of his federal law claims, the Court finds no reason to deny that request. Mere dismissal of federal law claims, however, does not mandate remand of remaining state law claims. See *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254 (5th Cir. 1990)("when there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished). Rather, "the decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Id.*

In exercising this discretion, the district court must "analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendant state law claims." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158 (5th Cir. 2011). The common law factors include judicial economy, convenience, fairness, and comity, and any attempt by a plaintiff to manipulate the forum. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 357 (1988). The pertinent statutory factors are those found in 28 U.S.C. §1367(c), governing federal courts' discretion to decline to exercise supplemental jurisdiction. *Enochs*, 641 F.3d at 159. Specifically: (1) whether the state law claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been

dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. See 28 U.S.C. §1367(c).

Applying the foregoing legal principles, the Court finds the balance of the common law and statutory factors to weigh in favor of remand. The Court is particularly mindful of the Supreme Court's "command that federal courts avoid needless decisions of state law." *Enochs*, 641 F.3d at 163. Further, the common law factors support remand, as it will not result in wasted judicial resources or unfairly prejudice Defendant. The Court has exercised jurisdiction over this case for less than one year, and the parties have not engaged in substantial motion practice. And, while Defendant maintains that it has "engaged in substantial discovery and pre-trial practice," that pre-trial expenditure of resources did not begin until after this Court's denial of Plaintiff's motion to remand on June 6, 2014. (Rec. Doc. 34, p. 2). Additionally, although Defendant has filed a motion for summary judgment as to all claims (Rec. Doc. 19), the Court is unaware of any reason that would preclude Defendant from re-asserting its arguments in state court without undue burden. Finally, even if Defendant is correct that Plaintiff is attempting to manipulate the forum, that is "only one of the important considerations" to be examined and should not serve as a "trump card" over the other factors. *Enochs*, 641 F.3d at 160.

The statutory factors set forth in §1367(c) also support remand. Plaintiff's federal law claims have been voluntarily dismissed with prejudice; hence, only state law issues remain for resolution.

**Conclusion**

For the reasons stated herein, the Court finds Plaintiff's motion to have merit. Accordingly, following dismissal with prejudice of Plaintiff's federal law claims, the action is remanded to Louisiana state court.

New Orleans, Louisiana, this 12th day of September 2014.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**